# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

MARIA GUADALUPE AGUILAR MENDOZA,

    Plaintiff,

vs.

MOISES MEDINA SILVA,

    Defendant.

No. C 13-4108-MWB

**TEMPORARY RESTRAINING ORDER**

_____

    This case, brought pursuant to the Convention On Civil Aspects Of International Child Abduction (the 1980 Hague Convention) and the International Child Abduction Remedies Act (ICARA), 42 U.S.C. §§ 11601-11610, is before me on the plaintiff's November 7, 2013, Motion Under The Hague Convention For Entry Of A Temporary Restraining Order And Scheduling Of An Expedited Hearing (docket no. 3). I have reviewed plaintiff Maria Guadalupe Aguilar Mendoza's Motion, her Verified Complaint And Petition For Return Of The Children, and the exhibits and attachments to the Verified Complaint, and I find that these submissions clearly show that immediate and irreparable injury, loss, or damage will result to the plaintiff before the defendant can be heard in opposition, such that issuance of a Temporary Restraining Order without written or oral notice to the defendant or his attorney is appropriate in this case. *See* FED. R. CIV. P. 65(b). Specifically, I find from Maria Mendoza's submissions that it reasonably appears that defendant Moises Medina Silva and/or members of his family have retained custody in the United States of two of Maria Mendoza's minor children, K.G.M.A. and M.K.M.A., over whom she has physical custody under Mexican law, without her acquiescence, away from the children's habitual residence in Mexico, and

has brought them to the Northern District of Iowa. I find that, unless temporarily enjoined from removing the children from this jurisdiction and temporarily enjoined to surrender the children's passports and all other travel documents to the Clerk of Court pending final disposition of this matter, there is a risk that the children will be removed from this jurisdiction, posing a threat of irreparable harm and injury to Maria Mendoza and the children.

THEREFORE, consistent with the objects of the 1980 Hague Convention and the ICARA for the expedited consideration of this matter, it is hereby ORDERED that **DEFENDANT MOISES MEDINA SILVA**, his agents, servants, employees, attorneys, or persons acting in active concert or participation with him who receive actual notice of this order are **TEMPORARILY ENJOINED**, as follows:

1. **from removing or causing to be removed the minor children K.G.M.A.,** born in 2007, and **M.K.M.A.,** born in 2009, **from the jurisdiction of this Court** pending final disposition of the Verified Complaint And Petition For Return Of The Children and further Order of this Court;

2. **to surrender the minor children's passports and all other travel documents to the Clerk of Court** at the United States Courthouse, 320 Sixth Street, in Sioux City, Iowa, **not later than 4:30 p.m. on the third business day after service of this Temporary Restraining Order.**

   a. The Clerk of Court shall retain possession of the minor children's passports and travel documents pending final disposition of the Verified Complaint And Petition For Return Of The Children and further Order of this Court;

   b. The Clerk of Court shall permit plaintiff's counsel to access, review, and photocopy the children's passports upon surrender to the Clerk of Court by the defendant;

*If the defendant fails to timely surrender the minor children's passports and all other travel documents, or removes the minor children or causes the minor children to be removed from the jurisdiction of this Court, the Court shall issue a warrant for the arrest of defendant Moises Medina Silva to be executed by the United States Marshals Service and shall order defendant Moises Medina Silva to appear for a contempt hearing.*

    3.    Notwithstanding the provisions of Rule 65(c), the Court finds that **this Temporary Restraining Order shall issue immediately, without bond or security**, in light of the nature of the conduct temporarily enjoined and the plaintiff's *in forma pauperis* status.

    4.    This Temporary Restraining Order shall remain in full force and effect for **fourteen days from the date of this order**, unless before that time, the Court, for good cause, extends it for a like period or the defendant consents to a longer extension.

    5.    The officers of the court shall issue and serve this Temporary Restraining Order with the Verified Complaint And Petition For Return Of The Children.

    IT IS FURTHER ORDERED,

    1.    Pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure, the trial of this action on the merits shall be advanced and consolidated with the preliminary injunction hearing scheduled in paragraph (2), below.

    2.    **A consolidated trial on the merits and hearing** on the plaintiff's request for a preliminary injunction and the Verified Complaint And Petition For Return Of The Children **is scheduled for Monday, November 18, 2013, at 9:00 a.m., at the United States Courthouse, 320 Sixth Street, in Sioux City, Iowa.** At the consolidated trial and hearing, the defendant shall show cause why the children should not be returned to Mexico, accompanied by the plaintiff or the plaintiff's designee, and why the other relief requested in the Verified Complaint should not be granted. The

Court has set aside time until 12:00 p.m. for this hearing. If the parties require additional time, they must notify Jennifer Gill, Judicial Assistant, at 712/233-3909 or jennifer_gill@iand.uscourts.gov.

3. Defendant Moises Medina Silva, any counsel appearing for the defendant, and counsel for the plaintiff **shall personally appear** at the consolidated trial and hearing.

4. Defendant Moises Medina Silva **shall provide for and ensure the personal appearance at the consolidated trial and hearing of the minor children** K.G.M.A. and M.K.M.A.

5. Plaintiff Maria Guadalupe Aguilar Mendoza **is permitted to appear** at the consolidated trial and hearing and any other court proceedings **by telephone or video conference** in the event that she is unable to be physically present at any such proceedings. Plaintiff's counsel is responsible for coordinating arrangements for the plaintiff's appearance by telephone or video conference with Jennifer Gill, Judicial Assistant, at 712/233-3909 or jennifer_gill@iand.uscourts.gov.

6. The Court concludes that appointment of an interpreter for the plaintiff is appropriate in these proceedings, *see* FED. R. CIV. P. 43(d), but that a certified interpreter is not required for these proceedings, which do not involve the United States as a party. *See* 28 U.S.C. § 1827. The Court also concludes that the plaintiff must bear the cost of an interpreter in the first instance, although, if the Court appoints and sets the compensation for an interpreter, the interpreter's compensation may be taxed as costs. *See* FED. R. CIV. P. 43(d); 28 U.S.C. § 1920(6); *Freier v. Freier*, 985 F. Supp. 710, 713 (E.D. Mich. 1997) (ICARA case). The Court appoints Francisco Gonzalez of Sergeant Bluff, Iowa (712/943-2669), as a Spanish interpreter for the plaintiff in this matter, at the rate of $103.00 per half day, and $187.00 per full day. The Clerk of Court shall notify Mr. Gonzalez of his appointment. If Mr. Gonzalez is unable to

accept this appointment, the Clerk of Court shall notify the Court of the need to appoint a different interpreter.

**IT IS SO ORDERED**.

**DATED** this 7th day of November, 2013.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

TIME: 2:08 p.m.