# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| MARIA GUADALUPE AGUILAR MENDOZA,<br><br>    Plaintiff,<br>vs.<br>MOISES MEDINA SILVA,<br><br>    Defendant. | No. C 13-4108-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND EXPENSES** |

_____

Plaintiff Maria Guadalupe Aguilar Mendoza, a citizen of Mexico, filed this action pursuant to the Convention On Civil Aspects Of International Child Abduction (the 1980 Hague Convention or the Convention) and the International Child Abduction Remedies Act (ICARA), 42 U.S.C. §§ 11601-11610, to secure the return of her daughters, five-year-old K.G.M.A. and four-year-old M.K.M.A. Ms. Mendoza alleged that the children were, without her consent or acquiescence, wrongfully retained in the Northern District of Iowa, away from their habitual residence in Mexico, by the children's father, defendant Moises Medina Silva. After a consolidated trial on the merits and preliminary injunction hearing, I issued a Memorandum Opinion And Order (docket no. 33) on December 10, 2013, on the merits of Ms. Mendoza's claims, in which I ordered Mr. Medina to transfer the minor children, K.G.M.A. and M.K.M.A., to the custody of Ms. Mendoza at the United States/Mexico border in Nuevo Laredo, Mexico, not later than 12:00 p.m. (noon) on January 10, 2014. No appeal was taken, and Mr. Medina transferred the children to their mother as ordered.

This case is now before me on Ms. Mendoza's December 20, 2013, Motion For Attorney's Fees And Expenses (docket no. 35). In her Motion, Ms. Mendoza seeks

attorney's fees totaling $32,265.00 and expenses totaling $3,084.62, which she contends are reasonable fees and out-of-pocket expenses of the kind normally charged to clients by attorneys. Ms. Mendoza also argues that, in addition to normal case preparation, her attorney spent significant time coordinating video and telephone conferencing between the court's Information Technology (IT) staff and Ms. Mendoza and her computer technician in Mexico, and that her attorney had to ensure that Ms. Mendoza understood and received information in Spanish, which involved translation of numerous documents. In his Resistance (docket no. 37), filed December 23, 2013, Mr. Medina contends that no award of fees or expenses is appropriate in this case, because he believed (and still believes) in good faith that the parties had an agreement for the children to come to and remain in the United States to start school; the attorney's fees and costs claimed by Ms. Mendoza are not reasonable and, indeed, are approximately three times his own attorney's fees; and he is earning only approximately $9.00 per hour, so that he cannot possibly afford to pay any attorney's fees or expenses in this matter.

Article 26 of the 1980 Hague Convention provides, in pertinent part, as follows:

> Upon ordering the return of a child or issuing an order concerning rights of access under this Convention, the judicial or administrative authorities may, where appropriate, direct the person who removed or retained the child, or who prevented the exercise of rights of access, to pay necessary expenses incurred by or on behalf of the applicant, including travel expenses, any costs incurred or payments made for locating the child, the costs of legal representation of the applicant, and those of returning the child.

The pertinent provision of ICARA, implementing the obligations of the United States under the 1980 Hague Convention, provides as follows:

> Any court ordering the return of a child pursuant to an action brought under section 11603 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate.

42 U.S.C. § 11607(b)(3) (emphases supplied); *see also Rydder v. Rydder*, 49 F.3d 369, 373 (8th Cir. 1995).

There is a relatively small, but significant group of decisions of the Circuit Courts of Appeals concerning the standards for awards of fees and expenses under these provisions. As the Second Circuit Court of Appeals has explained, "The District Court, as the court ordering the return of the child, is responsible in the first instance for determining what costs, if any, should be assessed against [the respondent], with respect to both the District Court and [any] Court of Appeals proceedings." *Hollis v. O'Driscoll*, 739 F.3d 108, 113 (2d Cir. 2014) (citing *Ozaltin v. Ozaltin*, 708 F.3d 355, 377 (2d Cir. 2013), as explaining, "[T]he District Court is in a better position to assess . . . an appropriate fees award."). As the Tenth Circuit Court of Appeals recently explained,

> Article 26 of the Convention provides that upon ordering the return of a child, the court "may, where appropriate," also order the respondent to pay petitioner "necessary" fees, costs, and expenses incurred as a result of the wrongful removal or retention. 1988 WL 411501, at *7. ICARA, however, shifts the burden to a respondent to show why an award of fees, costs, and expenses would be "clearly inappropriate[.]" [(quoting 42 U.S.C. § 11607(b)(3)).] The First Circuit has explained that under § 11607(b)(3), the district court "has a duty … to order the payment of necessary expenses and legal fees, subject to a broad caveat denoted by the words, 'clearly inappropriate.'" *Whallon v. Lynn*, 356 F.3d 138, 140 (1st

3

> Cir.2004). Such caveat provides the district court "broad discretion in its effort to comply with the Hague Convention consistently with our own laws and standards." *Id.*; *see also Chafin [v. Chaffin]*, 133 S.Ct. [1017,] 1022 [(2013)] (recognizing that under § 11607(b)(3), a court ordering the return of a child "generally must require" respondent to pay the fees, costs, and expenses associated with the return).

*West v. Dobrev*, 735 F.3d 921, 932 (10th Cir. 2013).

As to how the district court executes this duty to determine whether or not to award fees and expenses pursuant to the 1980 Hague Convention and ICARA, the Second Circuit Court of Appeals has explained,

> A district court's costs award under the Hague Convention is reviewed for abuse of discretion, *see Norinder v. Fuentes*, 657 F.3d 526, 536 (7th Cir.2011); *Whallon v. Lynn*, 356 F.3d 138, 140 (1st Cir.2004), keeping in mind that "[a] district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions," *In re Sims*, 534 F.3d 117, 132 (2d Cir.2008) (internal citations, quotation marks, and alterations omitted).

*Ozaltin*, 708 F.3d at 374-75. The appropriate standards for awarding fees and expenses in international child return cases are as follows:

> [Section] 11607(b)(3) retains what we have previously described as the "equitable" nature of cost awards. *Moore v. County of Delaware*, 586 F.3d 219, 221 (2d Cir.2009). . . . [A] prevailing petitioner in a return action is presumptively entitled to necessary costs, subject to the application of equitable principles by the district court. Absent any statutory guidance to the contrary, the appropriateness of such costs depends on the same general standards that apply when "attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). "There is no precise rule or formula for making these

4

> determinations, but instead equitable discretion should be exercised in light of the [relevant] considerations." *Id.* (internal quotation marks omitted).

*Ozaltin*, 708 F.3d at 375.

The Circuit Courts of Appeals have also provided guidance on specific considerations that go into the district court's exercise of its discretion and equitable consideration of claims for fees and expenses in international child return cases. First, where the respondent "is not blameless for the current state of affairs," the Tenth Circuit Court of Appeals has held that an award of fees and expenses is not "clearly inappropriate." *West*, 735 F.3d at 933. Indeed, an award of fees and costs is "appropriate" when the case is not a "difficult" one and "'falls squarely within the heartland of the Hague Convention.'" *Cuellar v. Joyce*, 603 F.3d 1142, 1143 (9th Cir. 2010) (quoting its prior decision on the appeal of the merits of the return in *Cuellar v. Joyce*, 596 F.3d 505, 511 (9th Cir. 2010)). Moreover, the fact that the respondent may already owe substantial fees to his or her own attorney does not make an award of the petitioner's attorney's fees "clearly inappropriate." *Cuellar*, 603 F.3d at 1143. Nor does the fact that the winning petitioner's attorneys provided their services *pro bono* make an award of fees against the respondent "clearly inappropriate." *Id.* (explaining, "Fee awards serve in part to deter frivolous litigation, and denying fees in this case would encourage abducting parents to engage in improper delaying tactics whenever the petitioning parent is represented by pro bono counsel. We see no reason to give abducting parents such a perverse incentive. Withholding fees from pro bono counsel would also discourage pro bono representation and undermine the Convention's policy of effective and speedy return of abducted children." (internal citation omitted)); *but see Vale v. Avila*, No. 06-cv-1246, 2008 WL 5273677, *2 (C.D. Ill. Dec. 17, 2008) (stating, "First, it is undisputed that Petitioner's counsel represented Petitioner under a pro bono arrangement. It is uncontroverted that Petitioner has no outstanding bills for attorney

5

fees pertaining to this action. Although this fact does not, by itself, render an award of attorney fees clearly inappropriate, it is a factor that cuts against any such award," and opining that cases supporting recovery of attorney's fees for *pro bono* representation were not controlling under § 11607(b)(3), nor particularly persuasive in view of the purposes of fee awards under § 11607(b)(3)). Finally, a reduction in a fee award should not be used to rectify a winning petitioner's past violations of child support obligations. *Whallon v. Lynn*, 356 F.3d 138, 140 (1st Cir. 2004).

On the other hand, where the respondent had a "reasonable basis for thinking at the time of removing the children to the United States . . . that her actions were consistent with [the law of the country of habitual residence]," that belief, even if mistaken, "is a relevant equitable factor when considering whether a costs award is appropriate." *Ozaltin*, 708 F.3d at 375. Also, "[a]t least two courts of appeals have recognized that a fee award in a case under the Convention might be excessive and an abuse of discretion if it prevents the respondent-parent from caring for the child." *Norinder v. Fuentes*, 657 F.3d 526, 536 (2d Cir. 2011) (citing *Whallon*, 356 F.3d at 139, and *Rydder*, 49 F.3d at 373–74).[1] For example, the Eighth Circuit Court of Appeals held,

> Because of [losing respondent] Mrs. Rydder's straitened financial circumstances, however, we find the award of fees and legal costs to Mr. Rydder so excessive as to constitute an abuse of discretion. An award of $10,000, rather than $18,487.42, is more equitable in this particular case. We leave undisturbed the district court's award of expenses in the amount of $9,667.40.

---

[1] An award of fees under the Convention and ICARA may also properly be denied, where the prevailing petitioner did not comply with applicable local rules concerning the timing or other requirements for seeking such an award. *Pesin v. Rodrigquez*, 244 F.3d 1250, 1253 (11th Cir. 2001).

6

*Rydder*, 49 F.3d at 373-74; *see also Saldivar v. Rodela*, 894 F. Supp. 2d 916, 942-43 (W.D. Tex. 2012) (finding that a reduction of the attorney's fee award was appropriate, because the respondent's financial condition was "straitened"); *Kufner v. Kufner*, C.A. No. 07–046 S, 2010 WL 431762, *5 (D.R.I. Feb. 3, 2010) (reducing, but not completely denying, an award of fees and costs, because of the respondent's financial condition).

Several district courts have not simply reduced awards of costs in light of a respondent's inability to pay, but have declined to award costs at all, where the losing respondent would be unable to pay any amount of an award, on the ground that any award would be "clearly inappropriate" in such circumstances. *See, e.g., Montero-Garcia v. Montero*, No. 3:13–cv–00411–MOC, 2013 WL 6048992, *4-*6 (W.D.N.C. Nov. 14, 2013) (slip op.) (declining to award fees, costs, and expenses to the petitioner, because doing so "would simply serve to convert counsel's pro bono work into a marital debt"); *East Sussex Children Servs. V. Morris*, 919 F. Supp. 2d 721, 734 (N.D. W.Va. 2013) ("[I]t would be clearly inappropriate to grant an award of attorneys fees and costs as Petitioner has not presented adequate evidence to substantiate such a request and Respondents would be unable to pay any amount of an award."); *Lyon v. Moreland-Lyon*, No. 12–2176–JTM, 2012 WL 5384558, *3 (D. Kan. Nov. 1, 2012) ("Given the respondent's financial position, this court finds that awarding any of petitioner's attorneys' fees against the respondent would be clearly inappropriate."); *Vale v. Avila*, No. 06-cv-1246, 2008 WL 5273677, *2 (C.D. Ill. Dec. 17, 2008) (finding an award of any attorney's fees "clearly inappropriate" because of the respondent's inability "to shoulder the burden of the 115,872.26 in attorney fees, copying costs, etc. that Petitioner's counsel is requesting," where respondent "has limited financial means and has found little gainful employment in the United States," and, consequently, awarding the petitioner only his "out-of-pocket costs"); *Silverman v. Silverman*, No. Civ.00–2274 JRT, 2004 WL 2066778, *4 (D. Minn. Aug. 26, 2004) (finding any award of fees was

7

"clearly inappropriate," because the respondent was "unable to absorb the necessarily minimal expenses for her family in addition to any fee award, [so that] an award of fees would impair significantly her ability to care for her children"); *but see Neves v. Neves*, 637 F. Supp. 2d 322, 345 (W.D.N.C. 2009) (concluding that an award of fees and costs was not "clearly inappropriate," even though the respondent was then unemployed and had no assets in the United States, where he owned a two-story building in Germany that he estimated would rent for about $2,000 per month).

After careful consideration of equitable principles and pertinent factors in this case, *see Ozaltin*, 708 F.3d at 375 (recognizing that an award of fees and expenses under the Convention and ICARA involves "equitable principles"), I conclude that it is "clearly inappropriate" to award any of Ms. Mendoza's claimed legal fees against Mr. Medina. While I cannot say that Mr. Medina is "blameless" for the circumstances requiring an order for return of the children, *see West*, 733 F.3d at 933, neither can I say that this was a simple case or one that fell "squarely within the heartland of the Hague Convention," *see Cuellar*, 603 F.3d at 1143 (internal quotation marks and citations omitted). To the contrary, I found it to be a very close case. Ultimately, I believe that Mr. Medina had a mistaken, but nevertheless good faith belief that the parties had agreed that he would take the children to the United States where they would attend school. *See Ozaltin*, 708 F.3d at 375.

Just as importantly, I find that Mr. Medina's financial circumstances make it "clearly inappropriate" to award any substantial amount of attorney's fees against him. Doing so would interfere with his ability to provide other support to his children. *See Norinder*, 657 F.3d at 536; *Whallon*, 356 F.3d at 139; *Rydder*, 49 F.3d at 373-74. Indeed, all other things being equal, I would not award Ms. Mendoza all of the attorney's fees that she claims, because they are, in my estimation, excessive. For example, she claims excessive attorney time for various tasks, including legal research and drafting of

8

pleadings, as Mr. Medina contends, and for administrative tasks, albeit tasks identified as "trial preparation." Furthermore, the fact that Ms. Mendoza's counsel, an attorney with Iowa Legal Aid, worked the case without charging Ms. Mendoza for her time does not necessarily preclude an award of attorney's fees, *see Cuellar*, 603 F.3d at 1143, but it remains an equitable consideration, *see Montero-Garcia*, 2013 WL 6048992 at *4-*6; *Vale*, 2008 WL 5273677 at*2. Here, Mr. Medina earns approximately $9 per hour, and the record does not show that he has any other assets from which so large a fee award could be satisfied. *Compare Neves*, 637 F. Supp. 2d at 345. Indeed, his financial condition is such that it is "clearly inappropriate" to award *any* attorney's fees against him, because he simply will be unable to pay any amount of an award for attorney's fees and still provide any support to his children, and such an award would simply convert Ms. Mendoza's counsel's *pro bono* work into a marital debt. *See Montero-Garcia*, 2013 WL 6048992 at *4-*6; *Morris*, 919 F. Supp. 2d at 734; *Lyon*, 2012 WL 5384558 at *3; *Vale*, 2008 WL 5273677 at*2; *Silverman*, 2004 WL 2066778 at *4. Therefore, I will not award any of Ms. Mendoza's claimed attorney's fees.

I reach a somewhat different conclusion as to Ms. Mendoza's claimed expenses. Although I find it inequitable and "clearly inappropriate" to award any attorney's fees, I note that the claim for expenses is far more reasonable and that awarding at least some expenses against Mr. Medina is not "clearly inappropriate," as a matter of equity. This is so, in part, because Mr. Medina's defense of this case also benefitted to some extent from Ms. Mendoza's translations of various documents; in part, because, even considering Mr. Medina's financial condition, awarding some share of Ms. Mendoza's expenses is consistent with the goals of Article 26 of the 1980 Hague Convention and 42 U.S.C. § 11607(b)(3); and, in part, because Ms. Mendoza has some obligation to pay these expenses out-of-pocket, even if her legal representation was *pro bono*. *See Vale*, 2008 WL 5273677 at *2 (finding an award of any attorney's fees "clearly inappropriate"

9

because of respondent's inability "to shoulder the burden" of the "115,872.26 in attorney fees, copying costs, etc. that Petitioner's counsel is requesting," where respondent "has limited financial means and has found little gainful employment in the United States," and awarding the petitioner only his "out-of-pocket costs"); *cf. Rydder*, 49 F.3d at 373-74 (reducing by almost half the claimed attorney's fees awarded, but awarding all of the claimed expenses).

THEREFORE, Ms. Mendoza's December 20, 2013, Motion For Attorney's Fees And Expenses (docket no. 35) is **granted in part, and denied in part**. Specifically, the part of her Motion seeking attorney's fees totaling $32,265.00 is **denied**, and the part of her Motion seeking expenses totaling $3,084.62 is **granted** *only to the extent* that I award her one-half of her claimed expenses, that is $1,542.31, against Mr. Medina.

**IT IS SO ORDERED**.

**DATED** this 19th day of February, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA